PHILLIP VENDETTO *vs.* MARY DIRUBLO VENDETTO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 8th—decided July 12th, 1932.

*Walter F. Foley*, for the appellant (plaintiff).

No counsel appeared for the appellee (defendant).

BANKS, J.  Plaintiff and defendant intermarried on October 17th, 1914, and have three minor children, the issue of their marriage.  At the date of their marriage, the plaintiff was twenty-two years of age and the defendant twenty-seven.  The defendant was subject to epilepsy, which she had had from childhood, which fact she fraudulently concealed from the plaintiff. The plaintiff learned as early as 1915 that the defendant was then afflicted with epilepsy, but continued to live with her until 1926, when he consulted a physician as to her condition, and was advised that she had epilepsy and should be confined in an institution. Thereupon she was placed in an institution, and the plaintiff has not lived with her since. The plaintiff brought this action for a divorce upon the ground of fraudulent contract. The court found that the defendant, at the time of her marriage to the plaintiff, had fraudulently concealed from him the fact that she was afflicted with epilepsy, but that since he had continued to live with her after he knew that she had epilepsy, he was guilty of laches and had waived, and was estopped to assert, his right to repudiate the marriage contract on the ground that it was fraudulent.

Section 6275 of the General Statutes provides as follows: "Every man and woman, either of whom is epileptic, imbecile or feeble-minded, who shall intermarry, or live together as husband and wife, when the

woman is under forty-five years of age, shall be imprisoned not more than three years." A marriage in violation of this statute is not void, but if the marriage was induced by the fraudulent concealment or representation of the epileptic as to his or her physical condition, the other party may be entitled to a divorce upon the statutory ground of fraudulent contract. *Gould* v. *Gould*, 78 Conn. 242, 61 Atl. 604; General Statutes, § 5174. The plaintiff is, therefore, upon the findings of the trial court, entitled to a divorce, unless, as the court held, he is deprived of that right by reason of his delay in bringing the action after learning of his wife's epileptic condition. The plaintiff's ground of divorce was the fraud of the defendant in entering into the marriage contract knowing her epileptic condition, and yet, in order to induce marriage, concealing the fact from the plaintiff. The wrong consisted in the concealment by the defendant of her previous epileptic condition, and became complete when the marriage contract was completed by the actual marriage creating the marital status. Upon discovery of the fraud the plaintiff was entitled to apply for a divorce on the ground of fraudulent contract. It does not appear from the record that the plaintiff ever did discover the fraud while he was living with his wife. The finding is that the plaintiff as early as 1915 knew that his wife was then suffering from epilepsy, and that by the exercise of reasonable diligence he should have known it even prior to 1915. It is not found that he knew or should have known that she had the disease before their marriage, and in the absence of such knowledge, he had no knowledge of fraud inducing the marriage. He would not know that he had a ground for divorce for fraudulent contract until he learned that his wife had had epilepsy prior to their marriage and had concealed that

fact from him. That she was afflicted with the disease during a portion of their married life did not necessarily impart to him knowledge that she had been thus afflicted prior to their marriage.

Upon the facts found it does not appear that the plaintiff was guilty of laches, or had waived his right to repudiate the marriage contract on the ground that it was induced by the fraud of the defendant.

There is error and a new trial is ordered.

In this opinion the other judges concurred.