### Rita L. Tuccio v. Frank E. Tuccio

Superior Court      Hartford County      File No. 91484

Memorandum filed January 20, 1953.

*Cornelius D. Shea,* of Hartford, for the Plaintiff.

*Stanley J. Grudzinski,* of Hartford, for the Defendant.

ALCORN, J. In this case the plaintiff seeks a divorce upon the ground of fraudulent contract. The allegation is that at the date of the marriage, and for a long time prior thereto, the defendant was and ever since has been epileptic, a fact which he well knew; that at all times prior to the marriage he concealed that fact from the plaintiff; and the plaintiff entered into the marriage in reliance on the fraudulent misrepresentations and concealment by the defendant as to his epileptic condition.

There is no serious dispute between the parties that the defendant has been subject to a convulsive disorder which appears to have arisen following a head injury at the age of seventeen. The defendant's condition was undisputedly a subject of discussion between him and the plaintiff, the plaintiff's parents, and his parents, before the marriage. Upon his own initiative the defendant took the plaintiff and her father to his physician for the express purpose of affording them an opportunity to discuss the defendant's condition with the doctor, and to receive direct from the doctor information as to just what the condition was. The doctor, who bears an outstanding and unquestioned reputation, had attended the defendant for slightly over a year prior to the marriage. The doctor's opinion is that the defendant is suffering from a post traumatic con-

vulsion disorder which he emphatically refused to describe as epilepsy. It is clear from the doctor's testimony and, in fact, not disputed by either of the parties, that the doctor explained the defendant's condition to the plaintiff some six weeks before the marriage and told her, in substance, that a disorder of the type suffered by the defendant was not likely to be inherited by children of the marriage, and that it was all right for the parties to marry.

While a marriage in violation of the statute making criminal the marriage of an epileptic is not void, if the marriage was induced by fraudulent concealment or representation of the epileptic as to his condition, it may be ground for divorce on the statutory ground of fraudulent contract. *Vendetto* v. *Vendetto,* 115 Conn. 303; *Gould* v. *Gould,* 78 Conn. 242. "Fraudulent contract" as a ground of divorce has been defined as "a deception in respect to some fact whose existence or nonexistence may affect in some certain way the very essence of the marriage relation, resulting in a lawful marriage which practically operates as a fraud upon the deceived spouse; and the existence or nonexistence of the fact thus concealed or misrepresented must operate, as between the parties to the marriage, to prevent some essential purpose of marriage and work a practical destruction of that relation." *Gould* v. *Gould,* supra, 261; *Lyman* v. *Lyman,* 90 Conn. 399, 402. "To constitute fraud by nondisclosure or suppression there must be a failure to disclose known facts and, as well, a request or an occasion or circumstance which imposes a duty to speak." *Behrmann* v. *Behrmann,* 110 Conn. 443, 446.

From the evidence presented, the court is not satisfied that the defendant is, in fact, an epileptic as alleged, or that he was so afflicted at the time of the marriage. Even if it could be found that such was the case, however, it is abundantly clear that,

instead of undertaking any concealment, the defendant went to unusual lengths to put the plaintiff in possession of the medical facts concerning his condition.

A decree may enter dismissing the complaint.